UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| FRANCIS RANAUDO and CHERYL RANAUDO, | Civil Action No. 17-3786 (SRC)(CLW) |
| Plaintiffs, | |
| | OPINION |
| v. | |
| DANIEL GEORGES, METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, PUBLIC SERVICE ELECTRIC & GAS, A-F DOE INDIVIDUALS, A-F CORPORATIONS, the latter twelve being fictitious designations, | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion of Plaintiffs Francis Ranaudo ("Francis") and Cheryl Ranaudo (collectively, "Plaintiffs") to remand the action pursuant to 28 U.S.C. § 1447(c). (ECF No. 3.) Defendant Metropolitan Group Property and Casualty Insurance Company ("Met Life") opposes the motion. (ECF No. 5.) The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion will be granted.

**I.    BACKGROUND**

This case arises out of an automobile accident that occurred on or about April 25, 2015, in Clifton, New Jersey. (ECF No. 1-5, Complaint, ¶ 2.) Francis was heading eastbound on Route 3, a state highway, when the vehicle that he was operating collided with a vehicle driven

by defendant Daniel Georges ("Georges"). (Id. at ¶ 1-4.) At the time of the accident, Plaintiffs were insured under a motor vehicle insurance policy issued by Met Life. (Id., at Count IV, ¶ 2.)

Plaintiffs filed their complaint on April 12, 2017, in New Jersey state court. The complaint asserts, among other things, claims for negligence and loss of consortium against Georges and a claim for Uninsured/Underinsured Motorist ("UM/UIM") benefits against Met Life. On May 26, 2017, Met Life removed the case to federal court on the basis of diversity jurisdiction. Plaintiffs now move to remand, arguing that removal was improper under Section 1441(b)(2) because Georges and defendant Public Service Electronic and Gas ("PSE&G"), Francis's employer at the time of the accident, are citizens of New Jersey. Met Life does not dispute that Georges or PSE&G are citizens of New Jersey, but it argues that they were improperly joined and that, therefore, their New Jersey citizenship should not bar removal in the instant case.

## II. DISCUSSION

On a motion to remand, "defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Removal statutes, such 28 U.S.C. § 1441, "are to be strictly construed against removal and all doubts are to be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal quotations and citations omitted).

Under Section 1441(a), defendants may remove a civil action from state court if that action could have been brought originally in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), however, the action may not

2

be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This statutory requirement is known as the 'forum defendant rule.'

As the statutory language of Section 1441(b)(2) suggests, the forum defendant rule is inapplicable in cases in which a so-called 'forum defendant' was not properly joined and served. This exception can arise if a defendant was "'fraudulently' named or joined," In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006), that is, if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Id. (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal quotation marks omitted). Such defendants have been described as "nominal parties." Abels, 770 F.2d at 32.

Here, Defendant argues that Georges should be regarded as a nominal party because his automobile insurer, GEICO, has made a settlement offer of $15,000.00, an amount equal to the policy limit of Georges's automobile insurance. (ECF No. 5, Defendant, Metropolitan Group Property and Casualty Insurance Company's, Opposition to Plaintiff's Motion to Remand, at 2.) Met Life contends that it "will authorize plaintiff[s] to accept the policy limits of defendant Georges," rather than seek a subrogation claim against him, and Met Life appears to assume that Plaintiffs will accept this offer as well. (Id. at 3.) On this basis, Met Life contends that Georges was fraudulently joined, as the action against him is, Met Life claims, essentially settled.

As Plaintiffs note, however, they have not accepted GEICO's settlement offer and are not obligated to do so. Indeed, Plaintiffs are entitled to pursue their negligence and loss of consortium claims against Georges and, thereafter, seek any damages exceeding the amount paid out by Georges's insurance policy from Georges directly. Thus, there is clearly a reasonable

3

basis in fact and a colorable ground supporting Plaintiffs' state law claims for negligence and loss of consortium against Georges.  Consequently, Georges cannot be regarded as having been fraudulently joined, and removal is improper under Section 1442(b)(2).

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' motion to remand is GRANTED.  An appropriate order shall issue.

        /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: September 11, 2017